1
2
3
4                    UNITED STATES DISTRICT COURT

5                        DISTRICT OF NEVADA

6                                * * *

7    NEVADA INTEGRATED BEHAVIORAL              Case No. 2:21-CV-1619 JCM (NJK)
     SERVICES, INC.,
8                                                         ORDER
                                Plaintiff(s),
9
10            v.

11   WELLS FARGO BANK, N.A.,

12                              Defendant(s).

13

14          Presently before the court is defendant Wells Fargo Bank ("Wells Fargo")'s motion for

15   summary judgment.  (ECF No. 16).  Plaintiff Nevada Integrated Behavioral Services, Inc.

16   ("NIBS") filed a response (ECF No. 20), to which Wells Fargo replied (ECF No. 21).

17   **I.     Background**

18          NIBS brings a single claim for conversion against Wells Fargo.  (ECF No. 1-1).  NIBS

19   seeks to hold Wells Fargo responsible for hundreds of allegedly unauthorized transactions from

20   NIBS's business deposit account.  (*See id.*).

21          There is no genuine dispute as to the following material facts.  NIBS has maintained a

22   business checking account with Wells Fargo since February 12, 2015.  Beginning at some point in

23   2017, until February 2020, hundreds of allegedly unauthorized electronic disbursements were

24   made from NIBS's account.[1]  NIBS's primary principal noticed the missing funds, and

25   subsequently lodged a complaint with Wells Fargo on April 16, 2020.  (ECF No. 19-5).  Wells

26   Fargo denied a substantial portion of NIBS's claim because too much time had passed before Wells

27

28          [1] The disbursements relate to monthly bills paid for an individual named Christopher
     Green.  NIBS also contends that some transactions relate to another individual with a name similar
     to the owner of NIBS.

**James C. Mahan**
**U.S. District Judge**

Fargo was notified.  (*Id.*).  Pursuant to the account agreements, NIBS was required to notify Wells Fargo of any errors or unauthorized transactions within 30 days after each monthly statement was made available.[2]  (ECF Nos. 17-1, 17-2).  Wells Fargo now moves for summary judgment on NIBS's sole claim for conversion.  (*Id.*).

## II.     Legal Standard

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims . . . ."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party.  *Lujan v. Nat'l Wildlife Fed*., 497 U.S. 871, 888 (1990).  However, to be entitled to a denial of summary judgment, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial."  *Id.*

In determining summary judgment, the court applies a burden-shifting analysis.  "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial."  *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc*., 213 F.3d 474, 480 (9th Cir. 2000).  Moreover, "[i]n such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case."  *Id.*

By contrast, when the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial.  *See Celotex Corp*., 477 U.S. at 323–24.  If the moving

---

[2] "[NIBS is] obligated to…[n]otify [Wells Fargo] within 30 days after [Wells Fargo] ha[s] made [NIBS's] account statement available to [NIBS] of any unauthorized transaction on [NIBS's] account."  (ECF Nos. 17-1, 17-2).

1   party fails to meet its initial burden, summary judgment must be denied and the court need not

2   consider the non-moving party's evidence.  *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–

3   60 (1970).

4       If the moving party satisfies its initial burden, the burden then shifts to the opposing party

5   to establish that a genuine issue of material fact exists.  *See Matsushita Elec. Indus. Co. v. Zenith*

6   *Radio Corp.*, 475 U.S. 574, 586 (1986).  To establish the existence of a factual dispute, the

7   opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient

8   that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing

9   versions of the truth at trial."  *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626,

10  630 (9th Cir. 1987).

11      In other words, the nonmoving party cannot avoid summary judgment by relying solely on

12  conclusory allegations that are unsupported by factual data.  *See Taylor v. List*, 880 F.2d 1040,

13  1045 (9th Cir. 1989).  Instead, the opposition must go beyond the assertions and allegations of the

14  pleadings and set forth specific facts by producing competent evidence that shows a genuine issue

15  for trial.  *See Celotex*, 477 U.S. at 324.

16      At summary judgment, a court's function is not to weigh the evidence and determine the

17  truth, but to determine whether a genuine dispute exists for trial.  *See Anderson v. Liberty Lobby*,

18  *Inc.*, 477 U.S. 242, 249 (1986).  The evidence of the nonmovant is "to be believed, and all

19  justifiable inferences are to be drawn in his favor."  *Id.* at 255.  But if the evidence of the

20  nonmoving party is merely colorable or is not significantly probative, summary judgment may be

21  granted.  *See id.* at 249–50.

22      The Ninth Circuit has held that information contained in an inadmissible form may still be

23  considered for summary judgment if the information itself would be admissible at trial.  *Fraser v.*

24  *Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) (citing *Block v. City of Los Angeles*, 253 F.3d 410,

25  418-19 (9th Cir. 2001) ("To survive summary judgment, a party does not necessarily have to

26  produce evidence in a form that would be admissible at trial, as long as the party satisfies the

27  requirements of Federal Rules of Civil Procedure 56.")).

28  . . .

James C. Mahan
U.S. District Judge

**III.    Discussion**

Wells Fargo moves for summary judgment, arguing that NIBS's claim for conversion is unsupported by evidence, legally insufficient, and untimely.  (*See* ECF No. 16).

As an initial matter, NIBS contends that the exhibits supplemented by Wells Fargo should not be considered because they are not properly authenticated.  (ECF No. 20 at 4).  However, proper authentication of evidence is not necessary at this stage of the proceedings.  *See Fraser v. Goodale*, 342 F.3d at 1036.  Thus, the court may consider the exhibits.  NIBS also argues that summary judgment is premature because Wells Fargo has failed to participate in discovery.  (ECF No. 20 at 5).  The court is not persuaded; Wells Fargo has provided NIBS with the required Rule 26 disclosures and ample responses to written discovery.

A.  NIBS's Claim for Conversion Fails as a Matter of Law

Nevada's version of the Uniform Commercial Code ("UCC") is codified in NRS Chapters 104 and 104A.  *See* NRS 104.1101 *et seq*.  Article 4 governs liability of a bank for events related to payments handled by the bank.  *See* NRS 104.4102.  Specifically, "NRS 104.4406 regulates the relationship between a bank and its customers concerning losses sustained due to unauthorized activity in the customer's bank account."  *C. Nicholas Pereos, Ltd. v. Bank of Am., N.A.*, 352 P.3d 1133, 1135 (Nev. 2015).

The statute, like the account agreements, absolves a bank of liability for an unauthorized transaction when (1) it provides the customer with information sufficient to identify any unauthorized transactions, and (2) the customer subsequently fails to timely act in response.  *See C. Nicholas Pereos, Ltd.,* 352 P.3d at 1135; NRS 104.4406.  Once the necessary account information is provided, the customer must "exercise reasonable promptness" in examining the information and notifying the bank of any unauthorized transactions.  *C. Nicholas Pereos, Ltd.,* 352 P.3d at 1135; NRS 104.4406(3).

Here, Wells Fargo provided NIBS with account statements every month exhibiting the disputed transactions that were sufficient for NIBS to identify the alleged unauthorized transactions.  (*See* ECF Nos. 17-3, 18-1, 18-2).  NIBS had a duty to review the monthly statements and promptly notify Wells Fargo of any unauthorized transactions after each monthly statement

was made available to it.  *See* NRS 104.4406.  It is immaterial that NIBS's owner was "in and out of the country, running several prosperous businesses."  (*See* ECF No. 20).  Indeed, NIBS does not dispute its failure to review the relevant monthly statements and promptly notify Wells Fargo of any unauthorized transactions.  (*See id.*).

The disputed transactions began sometime in 2017, until February 2020.  (ECF No. 1). NIBS lodged its first dispute to Wells Fargo on April 16, 2020.[3]  (*See* ECF No. 19-5).  The court finds that NIBS failed to exercise the requisite promptness in examining its monthly statements and notifying Wells Fargo of any unauthorized transactions as they relate to the $141,298.17 in charges.  *See* NRS 104.4406; (ECF Nos. 17-1, 17-2).  Thus, there remains no genuine issue of material fact, and summary judgment is appropriate.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Wells Fargo's motion for summary judgment (ECF No. 16) be, and the same hereby is, GRANTED.

The clerk of the court is instructed to enter judgment in favor of Wells Fargo and close this case.

DATED April 6, 2023.

_____
UNITED STATES DISTRICT JUDGE

---

[3] Wells Fargo did not deny all NIBS's claims.  Rather, it only denied NIBS's claims as they related to charges that were untimely raised from the date of the initial dispute—April 16, 2020.